Hector Sanchez LEYVA, Petitioner—
Appellant,

v.

Robert AYERS, Warden, Respondent—
Appellee.

No. 03–55139.

D.C. No. CV–98–01120–LKK.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 1, 2003.

Decided Jan. 16, 2004.

Manuel J. Baglanis, San Jose, CA, for Petitioner–Appellant.

Brian George Smiley, Attorney General's Office, Sacramento, CA, for Respondent–Appellee.

Before SCHROEDER, Chief Judge, D.W. NELSON, and RYMER, Circuit Judges.

## MEMORANDUM *

Hector Sanchez Leyva appeals the denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. He was convicted in 1996 of twenty-two counts of lewd acts with a child under the age of fourteen in violation of California Penal Code § 288, which he challenges on the ground that one of two prior convictions for sex crimes used to enhance his sentence was unconstitutional. We affirm.

Leyva's federal petition is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) because it was filed after April 24, 1996. Under AEDPA, habeas relief is not available unless the state court decision is contrary to, or involved an unreasonable application of, clearly estab-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

lished Supreme Court holdings at the time the state court decision was rendered and in light of evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Garvin v. Farmon,* 258 F.3d 951, 954 (9th Cir.2001) (quoting *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

Levya's sentence was enhanced in part for a 1958 rape conviction in the state of Nevada. He raised the same claim raised here in a petition for post-conviction relief in the state district court in Nevada in 1970. After hearing testimony from Leyva and the trial judge who took Leyva's plea, the state court found that Leyva knew the nature of the proceedings against him, the nature of the crime charged, and the consequences of what was happening, and that he knowingly and intelligently waived counsel. The Nevada decision was not contrary to *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), which the court applied, nor was its conclusion unreasonable given the trial judge's testimony that was credited by the post-conviction court. *See Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (looking to "particular facts and circumstances" of each case to determine if waiver were intelligent); *cf. Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948) (reversing denial of habeas petition to review conviction on plea of guilty entered without advice of counsel for evidentiary hearing on whether plea was intelligently made); *Moore v. Michigan,* 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957) (reversing denial of motion for new trial on account of new evidence not known to the trial judge).

AFFIRMED.

D.W. NELSON, Senior Circuit Judge, dissenting.

I respectfully dissent. Well before Leyva's 1958 conviction, the Supreme Court had established that a defendant cannot give a knowing waiver of his right to counsel when pleading guilty unless he understands "the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." *Von Moltke v. Gillies,* 332 U.S. 708, 724, 68 S.Ct. 316, 92 L.Ed. 309 (1948). The 1972 state court decision that Leyva's ·waiver was knowing and voluntary was based on an unreasonable application of clearly established Supreme Court law in light of the evidence presented at the state court evidentiary hearing.

The majority rests its decision on the fact that the 1972 hearing found the testimony of the trial judge from the 1958 proceedings to be credible. However, the trial judge only testified that he believed Leyva "understood everything that was going on." He did not provide any affirmative evidence that anyone, at any point, explained to Leyva the consequences of pleading guilty or the nature of the punishment he faced. In fact, the trial judge himself testified that he did *not* discuss alternatives of sentencing, nor the consequences of a guilty plea, with Leyva. There is no other evidence in the record that indicates that anyone explained these issues to Leyva. Thus, the majority's affirmation of the state court determination that Leyva knew "the nature of the proceedings against him, the nature of the crime charged, and the consequences of what was happening," *supra* at ——, finds no support in the record.

The state court further erred by failing to respond to Leyva's undisputed testimony that he was repeatedly warned that he would be "gassed" if he did not plead guilty. These fear-inducing threats to Leyva's life if he did not plead guilty, combined with his young age, lack of education, and the racial undertones of the prosecution, all bear a striking resemblance to *Moore v. Michigan*, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957). In *Moore*, the Supreme Court stated, "A rejection of federal constitutional rights motivated by fear cannot, in the circumstances of this case, constitute an intelligent waiver." *Id.* at 164. Given the undisputed fact that no one accurately explained to Leyva the nature of his sentence or the consequences of a guilty plea, combined with the repeated threats to Leyva's life should he choose not to plead guilty, I would find that under *Moore* and *Von Moltke*, Leyva's waiver of counsel and guilty plea were constitutionally infirm and cannot stand.